UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH SERIALES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | CV-F-06-0530 AWI <br> CR-F-00-5233 AWI <br><br> ORDER RE: MOTIONS TO <br> VACATE, SET ASIDE, OR <br> CORRECT THE SENTENCE <br> PURSUANT TO 28 U.S.C. §2255 <br> AND APPLICATION TO PROCEED <br> IN FORMA PAUPERIS <br><br> (Docs. 99, 102, and 103) |

### I. History

On June 5, 2000, Petitioner Keith Seriales was indicted on two counts: (1) conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§846 and 841(a)(1) and (2) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. Doc. 7.[1] Petitioner was represented by Stephen Mensel. Doc. 5.  Petitioner was arrested and then released on bail.  Petitioner was then arrested on January 27, 2001 on a state charge of murder.  On April 26, 2004, the parties lodged a plea agreement with the court which provided for Petitioner's guilty plea to the first count in return for the prosecution's dismissal of the second count. Doc. 83.  At a hearing on May 3, 2004, Petitioner plead guilty to

---

[1]All citations to docket entries refer to filings in the criminal case (00-05233).

1

the first count. Doc. 84.  A draft presentence investigation report was prepared by the U.S. Probation Office and made available June 7, 2004.  At a hearing on September 7, 2004, Petitioner was sentenced to 120 months imprisonment with 60 months supervised release and the prosecution dismissed the second count of the indictment. Doc. 96.  Judgment was issued September 15, 2004. Doc. 98.  No direct appeal was filed.  Petitioner filed his first Section 2255 habeas petition on May 3, 2006. Doc. 99.  Petitioner filed a second Section 2255 habeas petition on August 15, 2008 (erroneously titled a petition under 28 U.S.C. § 2254). Doc. 102.  He also filed a motion to proceed in forma pauperis. Doc. 103.

## II. Legal Standards

Title 28 U.S.C. §2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

Courts must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003).  Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. §2255.  The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted.  Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).

### III. Discussion

The first petition alleges (1) error in failing to run his federal sentence concurrently with a state sentence on murder charges, (2) ineffective assistance of counsel, (3) sentencing error per United States v. Booker, 543 U.S. 220 (2005), and (4) an invalid guilty plea due to misunderstanding the consequences of the plea agreement. Doc. 99.  The second petition reiterates issues one, two, and four. Doc. 102.  However, Petitioner is time barred from filing a habeas petition based on these arguments.  Habeas relief under Section 2255 is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The limitations period that applies in this case is one year from the date on which the judgment became final.  Judgment in this case issued on September 15, 2004. Doc. 98. Petitioner did not appeal so that judgment became final the day following the last day on which notice of appeal to the Ninth Circuit could have been filed. See United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000) ("a judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence").  In a criminal case, a notice of appeal must be filed within 10 court days of the district court's entry of judgment. See Fed. R. App. Proc. 4(b)(1)(A) and Fed. R. App. Proc. 26(a).  Therefore, Petitioner had through September 29, 2004 to file the notice; the judgment became final on September 30, 2004.  The deadline for filing a habeas petition was September 30, 2005.  There was no impediment to Petitioner filing his motion earlier, no new right retroactively applicable, and no newly discovered facts.  Petitioner did not file his habeas petition until May 3, 2006, well after the limitations period expired.

Petitioner's first, second, and fourth claims for relief are related.  Petitioner argues that

his state and federal sentences should be run concurrently and not consecutively. His first claim is that "The Federal Bureau of Prisons decided the outcome of my sentence, not the court....On the day of my sentencing I requested the court order a concurrent sentence of 120 months to any future state sentence. The request was denied because at the time of sentencing I didn't have a state sentence. I now am serving L-WOP in my state sentence and a consecutive federal sentence." Doc. 99, First Petition, at 4. His second claim (ineffective assistance of counsel) is that his attorney assured him that "my federal sentence would be served concurrent with any future state sentence." Doc. 99, First Petition, at 4. His fourth claim is that his guilty plea is invalid as he did not understand the sentencing consequences. The consecutive sentence is not a newly discovered fact. As part of the plea agreement, the prosecution did agree that "The government will not oppose the defendant's request that his federal sentence be served concurrently to any future state sentence" but Petitioner acknowledged that "The defendant understands and agrees that the Court is not a party to this agreement, that sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government....The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive." Doc. 83, Plea Agreement, at 4:11-12 and 2:12-20. Petitioner acknowledges that the court denied his request for concurrent sentence at the sentencing hearing. In fact, he was specifically told, "Now with respect to whether this runs concurrent or consecutive to the state court, I can tell you it is the second court that sentences that will make that determination." Doc. 97, September 7, 2004 Transcript, at 17:6-9. There are no new facts that reset the one year statute of limitations.

Additionally, Petitioner formally "waive[d] his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code Section 2241 or 2255." Doc. 83, Plea Agreement, at 2:27-3:2. "The right to attack a judgment collaterally is statutory. A knowing and voluntary waiver of a statutory right is enforceable. For this reason a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich,

35 F. Supp.2d 1206, 1210 (S.D. Cal. 1999), citations omitted.  The standard mirrors waiver of direct appeal rights: "A defendant's right to appeal is statutory, rather than constitutional, in nature. Knowing and voluntary waivers of appellate rights in criminal cases are regularly enforced. The sole test of a waiver's validity is whether it was made knowingly and voluntarily." United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000), citations omitted.

Petitioner's third claim is that his sentence pursuant to the then mandatory sentencing guidelines was unconstitutional, as reflected in the U.S. Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).  The rule in Booker is new.  However, it may not be applied retroactively on collateral review; it may be applied on direct review in cases where the judgment was not yet final before the opinion was issued. United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005).  As previously stated, Petitioner's judgment was final on September 29, 2004, before Booker was issued.  Thus, the new rule does not reset the one year statute of limitations.

As Petitioner is not entitled to relief, his in forma pauperis application need not be addressed.

### IV. Order

The petitions of Keith Seriales to vacate, set aside, or correct the sentence imposed are DENIED.  The motion to proceed in forma pauperis is DENIED.  CV-F-06-0530 AWI is ordered CLOSED.

IT IS SO ORDERED.

Dated:     March 10, 2010                           /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE