UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH SERIALES, | ) | CV-F-12-1374 AWI |
| | ) | CR-F-00-5233 AWI |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER RE: MOTION TO |
| | ) | VACATE, SET ASIDE, OR |
| UNITED STATES OF AMERICA, | ) | CORRECT THE SENTENCE |
| | ) | PURSUANT TO 28 U.S.C. §2255 |
| Respondent. | ) | |
| | ) | |

### I. History

On June 5, 2000, Petitioner Keith Seriales was indicted on two counts: (1) conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§846 and 841(a)(1) and (2) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. Doc. 7.[1] Petitioner was represented by Stephen Mensel. Doc. 5.  Petitioner was arrested and then released on bail.  Petitioner was then arrested on January 27, 2001 on a state charge of murder.  On April 26, 2004, the parties lodged a plea agreement with the court which provided for Petitioner's guilty plea to the first count in return for the prosecution's dismissal of the second count. Doc. 83.  At a hearing on May 3, 2004, Petitioner plead guilty to the first count. Doc. 84.  A draft presentence investigation report was prepared by the U.S.

---

[1] All citations to docket entries refer to filings in the criminal case (00-05233).

1

Probation Office and made available June 7, 2004.  At a hearing on September 7, 2004, Petitioner was sentenced to 120 months imprisonment with 60 months supervised release and the prosecution dismissed the second count of the indictment. Doc. 96.  Judgment was issued September 15, 2004. Doc. 98.  No direct appeal was filed.  Petitioner filed his first Section 2255 habeas petition on May 3, 2006, which became Civil Case No. 06-0530. Doc. 99.  Petitioner filed a second Section 2255 habeas petition on August 15, 2008 (erroneously titled a petition under 28 U.S.C. § 2254). Doc. 102.  He also filed a motion to proceed in forma pauperis. Doc. 103.  Both of the habeas petitions were denied for being filed outside of the applicable one year statute of limitation; the motion to proceed in forma parperis was then denied as moot. Doc. 105

Petitioner has filed a new 28 U.S.C. § 2255 petition based on new U.S. Supreme Court precedent in Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012).

## II. Legal Standards

Title 28 U.S.C. §2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  That section reads:

> A second or successive motion must be certified as provided in section 2244 [28 USC § 2244] by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

### III. Discussion

The present petition is a second, successive motion under 28 U.S.C. § 2255(h).  Thus, Petitioner needs certification from a Ninth Circuit panel.  No such certification has been provided.  Therefore, this court is without jurisdiction; "A second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." Alaimalo v. United States, 636 F.3d 1092, 1103 (9th Cir. 2011).  Petitioner is directed to apply to the Ninth Circuit for certification.

### IV. Order

Keith Seriales's 28 U.S.C. § 2255 petition is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated: August 31, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE